IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AURORA LOAN SERVICES, LLC,<br>As Master Servicer and on behalf of<br>LaSalle SAIL 2004-3,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ANTHONY L. MITCHELL,<br><br>　　　　　Defendant. | Case No.  08-cv-1328<br><br>Judge Kennelly<br><br>Magistrate Judge Nolan<br><br>JURY DEMAND |

## AMENDED COMPLAINT

Plaintiff Aurora Loan Services LLC ("Plaintiff"), by and through its undersigned counsel, alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a Delaware limited liability company with a business address of 10350 Park Meadows Drive, Littleton, Colorado 80124.

2. Plaintiff is a wholly owned subsidiary of Lehman Brothers Bank, FSB ("LBB").

3. LBB is Plaintiff's sole member.

4. LBB is a federal savings bank operating under Federal Stock Charter 6947, which designates Wilmington, Delaware as LBB's home office, and makes LBB a Delaware citizen.

5. LBB is a wholly owned subsidiary of Lehman Brothers Holdings, Inc. ("LBHI").

6. LBHI is a Delaware corporation with a business address of 745 7th Avenue, New York, N.Y. 10019.

7. Upon information and belief, defendant Anthony L. Mitchell, an individual, is a citizen of Illinois, with a last known business address of 53rd Street, Unit 510, Chicago, Illinois 60615.

8. This Court has personal jurisdiction over the parties hereto.

9. This Court has subject matter jurisdiction herein pursuant to 28 U.S.C. § 1332 because the parties have diversity of citizenship and the matter in controversy exceeds $75,000.

10. Venue is proper herein pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

11. Plaintiff hereby incorporates by reference the allegations set forth above as though fully set forth herein.

12. Jamel Sanford ("Sanford") was the purported owner of that certain real property commonly known by street and number as 1527 E. 65th Street #1, Chicago, Illinois 60637 ("Property").

13. Defendant was engaged for the benefit of the lender and its assigns, including Plaintiff, to provide an independent and professional appraisal of the Property in connection with, and as an essential part of, the origination of Sanford's mortgage loan ("Mortgage Loan"), which was secured by the Property.

14. Defendant appraised the Property at $210,000.00 ("Appraisal") in connection with the Mortgage Loan.

15. At all times relevant to the Appraisal, Defendant was a licensed appraiser in the State of Illinois with a license number of 154-006687.

16. The Mortgage Loan was sold, assigned, or otherwise transferred on the secondary mortgage market, and was ultimately securitized into that certain New York common law trust identified as LaSalle SAIL 2004-3 ("Trust").

17. Plaintiff as Master Servicer of the Trust with respect to the Mortgage Loan and, accordingly, is authorized and directed to enforce obligations and/or duties owed by loan sellers, brokers, appraisers, and borrowers relating thereto, including but not limited to the obligations and/or duties owed by the defendant named herein.

18. The Mortgage Loan subsequently went into default, resulting in a foreclosure of the Property and a substantial loss.

19. The loss suffered is a direct result of the substantial overvaluation of the Property by Defendant.

20. All conditions precedent to this action on the part of Plaintiff, if any, have been satisfied, waived, or are futile.

## FIRST CLAIM FOR RELIEF
### (Negligence)

21. Plaintiff hereby incorporates by reference the allegations set forth above as though fully set forth herein.

22. Defendant is in the business of issuing real estate appraisals.

23. Defendant is required to adhere to applicable standards of practice in the performance of their professional activities, including but not limited to the Uniform Standard of Professional Appraisal Practice ("USPAP"), and all standards, rules, regulations, and codes of ethics and conduct applicable to licensed appraisers in the State of Illinois.

24. As a licensed appraiser in the State of Illinois, Defendant must comply with the Real Estate Appraiser Licensing Act of 2002, 225 ILCS 458, *et seq.*

25. Defendant was engaged for the benefit of the lender and its assigns, including Plaintiff, to provide an independent and professional appraisal of the Property as an essential component of the Mortgage Loan.

26. In performing the Appraisal, and as part of the relationship formed when Defendant was engaged, Defendant undertook and owed a duty to the lender, assigns, including Plaintiff, to exercise due care and diligence of a reasonably prudent appraiser rendering the requested appraisal services under the circumstances.

27. Specifically, without limitation, Defendant has breached one or more duties set forth by 225 ILCS 458, *et seq.*, failed to follow all applicable standards of practice, rules, regulations, codes of ethics, and/or conduct incumbent upon licensed appraisers in the State of Illinois, and/or otherwise breached one or more of the applicable duties of care owed to the lender and its assigns, including Plaintiff.

28. Defendant's breach of one or more of the applicable duties of care, has caused damages to the lender and its assigns, including Plaintiff, in an amount to be proven at trial.

### SECOND CLAIM FOR RELIEF
(Negligent Misrepresentation)

29. Plaintiff hereby incorporates by reference the allegations set forth above as though fully set forth herein.

30. The Appraisal contained one or more false, inaccurate, or otherwise misleading information regarding the Property, including but not limited to the representation that the Property was worth $210,000.00 when, in fact, it was worth substantially less.

31. Defendant supplied such information in the course of his business as professional appraisers in the State of Illinois.

32. Defendant supplied such information in the course of transactions in which he had a financial interest, including the Appraisal.

33. Defendant supplied such information for use in a business transaction, namely the Mortgage Loan.

34. Defendant was negligent in obtaining, compiling, or creating the subject information, or in communicating such information.

35. Defendant supplied the information with the intent, or otherwise with knowledge, that the lender and its assigns, including Plaintiff, would act in reliance on the information to determine whether or not to approve a mortgage loan in connection with the subject property.

36. Defendant was negligent in obtaining the subject information, or in communicating such information, and Defendant did not exercise reasonable care or competence in obtaining or communication such information.

37. Defendant supplied such information for the guidance of the lender and its assigns, including Plaintiff.

38. The lender and assigns, including Plaintiff, justifiably relied on such false, inaccurate, or otherwise misleading information supplied by Defendant.

39. Plaintiff's reliance on the false, inaccurate, or otherwise misleading information supplied by Defendant caused Plaintiff to incur substantial damages, in an amount to be proven at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in its favor and against Defendants joint and severally on its claims as follows:

(1) For all damages arising from or relating to Defendant's negligence, in an amount to be proven at trial, but exceeding $75,000;

(2)   For all damages arising from or relating to Defendant's negligent misrepresentation, in an amount to be proven at trial, but exceeding $75,000;

(3)   For all prejudgment and post judgment interest at the maximum rate allowed by law;

(4)   For the costs and expenses of suit incurred by Plaintiff herein, including attorneys and expert witness fees; and

(5)   For such other relief as this Court deems just and proper.

Dated this 17th day of March, 2008.

    Respectfully submitted,

    AURORA LOAN SERVICES, LLC,

    By: ___/s/ Susan J. Miller_____
          One of its attorneys

Danielle J. Szukala
Susan J. Miller
Burke, Warren, MacKay
   & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, Illinois 60611-3607
Telephone: (312) 840-7000
Facsimile: (312) 840-7900
E-mail: dszukala@burkelaw.com
       smiller@burkelaw.com